BENJAMIM A. GIBSON, APPELLEE, V. SAM McCLAY, SHERIFF, ET AL., APPELLANTS.

FILED APRIL 9, 1896. No. 6416.

1. **Judgments:** JOINT DEFENDANTS: AGREEMENT TO EXHAUST INDIVIDUAL PROPERTY: EXECUTION: INJUNCTION. The agreement in this case, quoted in full in the opinion, construed to be one by which the judgment creditor bound himself to first make levy, or cause it to be made, on the property of a designated one of the judgment debtors, within the jurisdiction of the court in which the judgment was rendered and to sell or exhaust the prop-

erty of this particularly specified debtor for the satisfaction of a balance of tne judgment remaining unpaid, before resorting to or causing levy of execution to be made on property belonging to either of the other debtors.

2. Injunction: EXECUTION: WRONGFUL LEVY. *Held*, That injunction was the appropriate and proper remedy for an attempted violation of the agreement, consisting of a levy and proposed sale of the property of one of the debtors favored by its terms, when it appeared at the time there was property of the debtor, from whose property the judgment was first to be satisfied, within the jurisdiction of the judgment court and subject to execution.

3. Executions: INJUNCTION: ESTOPPEL. Certain acts and statements of one of the favored debtors reviewed and *held* not to constitute a waiver of his rights under and by virtue of the agreement, or to estop him from asserting them.

4. ———: ———: COSTS. The decree *held* not to be objectionable as restraining the levy and enforcement of the execution in the part thereof with reference to the costs of the case in which the judgment was rendered.

5. ———: ———. The decree and injunction thereby accorded *held* too broad in that it restrained the sale of any of the property of the one debtor until all the property of the other was exhausted, and that it should have been confined to restraining a levy or sale under the execution herein involved and to this extent it is modified and, as modified, affirmed.

APPEAL from the district court of Lancaster county.   Heard below before TIBBETS, J.

*E. R. French*, for appellants.

*Wooley & Gibson, contra.*

HARRISON, J.

On or about July 20, 1890, Alexander S. Porter, one of appellants herein, recovered a judgment in the district court of Douglas county against Ben-

jamin A. Gibson, appellee in the case at bar, Jonathan Chase and Joseph M. Beardsley, in the sum of $15,000. September 25, 1890, appellee paid on the judgment mentioned the sum of $5,055, and at the time of such payment an agreement was entered into which was as follows:

"Received on this judgment from Benjamin A. Gibson the sum of five thousand and fifty-five dollars ($5,055), being a third of the principal sum and interest to date. Also received of Joseph M. Beardsley the sum of five thousand two hundred and sixty-two and 25-100 dollars ($5,262.25), the same being a certified check payable April 28, 1891, the same to be credited on said judgment when said check is paid. The said defendants to pay the costs to the clerk. In consideration of said payment plaintiff agrees to stay, and not issue, any execution on said judgment or file any transcript thereof in any county prior to the first day of February, 1891, at which time it is agreed that the Jonathan M. Chase's third part of said judgment, the sum of five thousand dollars ($5,000), principal sum and interest to that date, shall be paid, and if the same is not then paid execution may issue for that sum but no more until the 28th day of April, 1891. All parties to said judgment hereby sign and agree to this agreement, and all error and appeal from the aforesaid judgment is hereby waived by both plaintiff and defendants. If execution is issued for Chase's part of said judgment, it shall first be levied off from his property and next off from the property of Benjamin A. Gibson before Beardsley's property is levied upon and exhausted, and in case Beardsley's said check and share shall not be paid and execution is issued, the same shall be made off his property

before that of the other defendants is levied upon and sold."

December 16, 1891, an execution was issued to enforce the judgment and directed and forwarded to the sheriff of Cass county where Jonathan Chase resided, which was returned, no property of Jonathan Chase found whereon to levy. Subsequently, of date March 8, 1892, another execution was issued and forwarded to the sheriff of Lancaster county, ordering a levy to be made on the property of Gibson, which order was obeyed and a levy made on some real estate belonging to appellee, and to obtain an injunction restraining the sheriff and defendant Porter from selling appellee's property until the property of Jonathan Chase should be first resorted to and exhausted, the present action was instituted. It was stated in one portion of the petition filed, that Jonathan Chase was the owner, at that time, of an undivided one-half interest in a tract of land in Lancaster county, of sufficient value to satisfy the balance remaining of the judgment. A temporary injunction was granted, and after a motion to vacate was heard and overruled, issues were joined and as the result of a trial the following findings were made and decree rendered and entered on the journal:

"This cause having been heretofore on a former day of this term of court, to-wit, March 17, 1893, tried and submitted to the court, now comes on for final determination and after due consideration and being fully advised in the premises, the court finds in favor of the plaintiff and against the defendants.

"The court further finds that the plaintiff and defendant Alexander S. Porter entered into the

written agreement set forth in the petition herein, wherein it was agreed by and between the said plaintiff and defendant Alexander S. Porter, in consideration of the payment of one-third of a certain judgment, interest and costs obtained by the said Alexander S. Porter against the said Benjamin A. Gibson, and one Jonathan Chase and Joseph M. Beardsley, in the district court of Douglas county, Nebraska, that the said defendant Alexander S. Porter was not to cause an execution to be issued against the property of the plaintiff Benjamin A. Gibson until the property of the said Jonathan Chase was exhausted.

"The court finds that the said Alexander S. Porter, in violation of said agreement, caused an execution to issue upon the judgment described in the petition herein and a levy was duly made upon the property of the said plaintiff, without previously exhausting the property of the said Jonathan Chase, as the said Alexander S. Porter had agreed to do in said agreement.

"The court finds that the said Jonathan Chase was, at the time of the commencement of this action, and now is, the owner of property in Lancaster county, Nebraska, subject to execution, and that the said defendants should be, and hereby are, restrained and enjoined from levying upon the property of the said plaintiff under said judgment until the property of said Jonathan Chase shall have been exhausted.

"It is therefore considered and adjudged by the court that the said defendants be, and they hereby are, enjoined from levying upon the property of the said plaintiff Benjamin A. Gibson, for the satisfaction of the judgment obtained by the said defendant Alexander S. Porter as above set forth,

until all of the property of the said Jonathan
Chase subject to execution shall have been ex-
hausted, and that the said plaintiffs do have and
recover of and from the said defendants the costs
of this action taxed at $21.85."

The agreement herein quoted may fairly be said
to evidence a contract, on the part of the judgment
creditor, to first collect any balance of the judg-
ment from Jonathan Chase of the debtors, to the
extent that the issuance, levy of execution, and
sale thereunder might become necessary in the
enforcement of its collection, and we think it not
straining the terms of the agreement beyond their
fair import to say it contemplated any property
belonging to Chase within the jurisdiction of the
court, and available by the proceedings men-
tioned, should be exhausted before recourse
should be had to levy of process on property of
the other debtors. This being, as we consider, a
reasonable construction of the agreement, the
issuance of an execution which, by its terms, was
directed to be levied on the property of Gibson,
as was the one the further effect of which it is
herein sought to restrain, and its levy on the
belongings of Gibson, and the contemplated sale
thereof under the levy, at a time when there
existed property of the debtor Chase within the
county wherein the levy was made on that of
Gibson, was a violation of the rights of the
latter raised by the contract referred to, war-
ranting the equitable remedy of injunction to
stay its further progress. The evidence intro-
duced established the fact that Chase was the
owner of property in Lancaster county subject to
execution, and the trial court made a finding to
this effect.

It is claimed, however, that appellee, by actions and statements in relation to the judgment and its enforcement, had estopped himself from insisting on the fulfillment of the agreement.    Mr. Gibson wrote some letters to the attorney for the appellant, Alexander S. Porter, in one of which, February 1, 1891, he remitted $3,000 to apply on the balance due on the judgment, and in this he said: "Mr. Chase has failed to come to time with his payment on the judgment; and I enclose you herewith my check for $3,000, for which receipt me, and also receipt on the docket and satisfy judgment to that extent.    Chase promises me that he will pay the balance in course of a week or two; and I propose to let him if he will.    I hope this will be satisfactory all around.    I will pay the balance of $5,000 if I can't make Chase do it.    It will be something of an accommodation to me if execution does not issue for balance at once, as I want Chase to pay it if he can.    If execution should issue under the circumstances I should be hot under the collar, of course; and Mr. Porter wouldn't get his money nearly as quick."    February 19, 1891, Gibson sent the attorney $2,000 to apply on the judgment, $1,000 of which was by draft which was dishonored, or not paid when presented.    There were some other letters from Gibson to attorney for appellant Porter, in reference to the balance due on the judgment, and the filing of a transcript of it in Lancaster county, and some protestations against any attempts being made to collect the balance in any manner other than as stated in the agreement.    There was also testimony from which it appeared that Gibson was in Omaha on or about June 10, 1891, and while there met the attorney for the judgment creditor, and

in a conversation which then occurred, stated that Jonathan Chase, his co-defendant, had no property in Lancaster county. There was also evidence to the effect that Gibson informed the attorney, when in Omaha on the date last mentioned or soon thereafter and prior to the issuance of the execution against the service of which an injunction is sought in this action, that Chase owned an interest in some real estate in Lancaster county. There is other and further testimony on this same subject, but from an investigation of all of it we are satisfied that it was sufficient to sustain the findings of the trial court, and that there was nothing shown from which it can be said that the appellee waived his right to insist on the fulfillment of the agreement in regard to the enforcement of the judgment or estopped himself from demanding such fulfillment.

It is insisted by counsel for appellants that the execution in question was for the balance due on the judgment and for the costs, and that its further enforcement should not have been restrained to the extent it was, for the collection of the costs; that the agreement did not include an execution for the costs, hence the levy of this one was proper and should have been allowed to prevail for the amount of the costs. The agreement was that if execution issued for that part of the judgment which remained for Chase to pay, it was first to be levied upon his property. This we think broad enough to include any execution issued for the purpose indicated, notwithstanding there might be also stated in it the costs and a levy directed for their collection along with the balance due on the judgment. The execution levied, and against which the injunction was granted and became

operative, was for an amount due of the judgment and which, by the actions and agreement of the parties, was known as "Chase's part of said judgment;" that Chase was to pay or it was first to be collected from him, or his property first subjected to its payment, and as such it should have been first levied upon his property for all purposes, and further, from an examination of the decree it appears that the parties were only "enjoined from levying upon the property of said plaintiff, Benjamin A. Gibson, for the satisfaction of the judgment obtained by the said defendant, Alexander S. Porter, as above set forth, until all of the property of the said Jonathan Chase subject to execution shall have been exhausted."

It is further urged by counsel for appellants that the decree rendered in the case was too broad in that it restrained any levy of execution against Gibson's property until such time as all Chase's property should be exhausted, and that it should have been confined, in its scope, to the matters in issue in the present case, and more particularly to stopping the sale under the then existing execution and levy thereof. In this contention we agree with counsel and the decree will be modified so that the appellants will be enjoined from further enforcing the execution, or levy thereof, against the property of Benjamin A. Gibson for the purpose of applying the proceeds thereof in satisfaction of the balance due on the judgment in favor of Alexander S. Porter and against Benjamin A. Gibson, Jonathan Chase, and Joseph M. Beardsley, and as thus modified it is affirmed.

JUDGMENT ACCORDINGLY.